# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA

## Case No. 19-cv-24158-BLOOM/Reid

JAMES BRANTLEY LANIER,

    Plaintiff,

v.

CENTURION MANAGED
CARE OF FLORIDA,

    Defendant.

_____/

## ORDER TRANSFERRING CASE

**THIS CAUSE** is before the Court upon a *sua sponte* examination of the record. On October 8, 2019, *pro se* Plaintiff, James Brantley Lanier, while incarcerated at the Avon Park Correctional Institution, filed a civil rights action pursuant to 42 U.S.C. § 1983 against several Defendants. ECF No. [1]. On November 19, 2019, pursuant to the Court's Order, Plaintiff filed an Amended Complaint naming Centurion Managed Care of Florida only as Defendant. ECF No. [7].

The Court construes Plaintiff's allegations liberally. *Haines v. Kerner*, 404 U.S. 519 (1972). A review of the Amended Complaint reveals that Plaintiff is complaining of events that occurred while incarcerated at Avon Park Correctional Institution, located in Avon Park, Florida. Avon Park is located in Highlands County, but Avon Park Correctional Institution is located in Polk County, which lies within the jurisdiction of the United States District Court for the Middle District of Florida. *See Baldwin v. Fla. Dep't of Corrs.*, No. 06-14108-CV, 2008 WL 4346302, at *1 (S.D. Fla. Sept. 23, 2008) (transferring case following Eleventh Circuit remand with instructions to transfer case challenging conditions of confinement at Avon Park Correctional Institution, located in Polk County to Middle District of Florida, where petitioner was convicted and confined); *Bonini*

*v. Fla. Dep't of Corrs.*, No. 8:17-cv-164-T-23TGW, 2019 WL 5112257, at *1 (M.D. Fla. Aug. 2, 2019) ("The Florida Department of Corrections (DOC) employed the plaintiff . . . at its Avon Park Correctional Institution in Polk County, Florida . . . .").

The decision to transfer an action pursuant to § 1404(a) is left to the "sound discretion of the district court." *Roofing & Sheeting Metal Serv. v. La Quinta Motor Inns*, 689 F.2d 982, 985 (11th Cir. 1982); *see also Brown v. Conn. Gen. Life Ins. Co.*, 934 F.2d 1193, 1197 (11th Cir. 1991). Such transfers may be made *sua sponte* by the district court. *Mills v. Beech Aircraft Corp.*, 886 F.2d 758, 761 (5th Cir. 1989); *see also Bisso v. Jensen*, No. 5:08cv371/RS-AK, 2009 WL 1064600, at *1 (N.D. Fla. 2009) (citation omitted). It is well settled that a civil action filed by an inmate under authority of 42 U.S.C. § 1983 "may be brought . . . in (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred . . . or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought." 28 U.S.C. § 1391(b). The law further provides that "[f]or the convenience of parties and witnesses, [and] in the interest of justice, a district court may transfer any civil action to any other district . . . where it might have been brought." *See* 28 U.S.C. § 1404(a).

To transfer an action under § 1404(a) the following criteria must be met: (1) the action could have been brought in the transferee district court; (2) a transfer serves the interest of justice; and (3) a transfer is in the convenience of the witnesses and parties. *See Robinson v. Giarmarco & Bill, P.C.*, 74 F.3d 253, 260 (11th Cir. 1996). The court's consideration of the § 1404(a) factors may include such criteria as the plaintiff's initial choice of forum, the convenience of the parties, the convenience of the witnesses, the relative ease of access to sources of proof, the location of relevant documents, the availability of compulsory process for witnesses, the financial ability to

bear the cost of the change, and trial efficiency. *See Tampa Bay Storm, Inc. v. Arena Football League, Inc.*, 932 F. Supp. 281, 282 (M.D. Fla. 1996). Federal courts ordinarily accord deference to a plaintiff's choice of forum.

As noted above, it is apparent from Plaintiff's Amended Complaint that the issues raised in the instant proceeding and about which he has personal knowledge occurred while incarcerated at the Avon Park Correctional Institution located in Polk County, Florida. Thus, the material witnesses and evidence associated with his claims are all located in the Middle District of Florida. It is, therefore, apparent from the face of the Amended Complaint that the proper venue for this cause of action is the United States District Court for the Middle District of Florida. *See Stateline Power Corp. v. Kremer*, 404 F. Supp. 2d 1373, 1382 (S.D. Fla. 2005); *Robinson v. Giarmarco & Bill, P.C.*, 74 F.3d 253, 260 (11th Cir. 1996). Although the plaintiff's choice of forum is ordinarily given consideration, *Norwood v. Kirkpatrick*, 349 U.S. 29, 32 (1955), "where the operative facts underlying the cause of action did not occur within the forum chosen by Plaintiff, the choice of forum is entitled to less consideration." *Windmere Corp. v. Remington Prods., Inc.*, 617 F. Supp. 8, 10 (S.D. Fla. 1985). Neither the private interest of the litigants nor the public interest in the administration of justice are advanced by having this proceeding maintained in this District.

In light of the foregoing, the Court concludes that in the interest of justice and for the convenience of the parties and witnesses, this case should be transferred to the United States District Court for the Middle District of Florida for review and determination, pursuant to 28 U.S.C. § 1404.

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. Venue in the above-styled action is **TRANSFERRED** to the Middle District of Florida.
2. The Clerk of the Southern District of Florida shall **CLOSE** this case.

3. To the extent not otherwise disposed of, any scheduled hearings are **CANCELED**, all pending motions are **DENIED** as moot, and all deadlines are **TERMINATED**.

**DONE AND ORDERED** in Chambers at Miami, Florida, on January 9, 2020.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:

James Brantley Lanier, *pro se*
719092
Avon Park Correctional Institution
Inmate Mail/Parcels
8100 Highway 64 East
Avon Park, Florida 33825